UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE JERCICH,<br><br>         **Plaintiff,**<br><br>  v.<br><br>COUNTY OF MERCED, JOHN HERRELL, DEIDRE KELSEY, JOHN L. FAGUNDES, LEON MARTINEZ, WILLIAM NICHOLSEN, LEO ROBERT AYERS, and RICHARD GRAVES; DOES 1-10,<br><br>         **Defendants.** | 1:06-CV-00232 OWW DLB<br><br>MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 41(b) |

## 1. INTRODUCTION

This matter comes before the court on Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 41(b). Plaintiff filed a complaint on May 11, 2006 alleging a conspiracy by Defendants to violate his constitutional rights. On October 4, 2006 the court granted Defendants' motion to dismiss Plaintiff's complaint with leave to amend. Plaintiff was given 20 days to amend his complaint and, to date, has failed to do so. Defendants now move for dismissal with prejudice for Plaintiff's failure to prosecute.

## 2. FACTUAL BACKGROUND

Plaintiff filed his original complaint on February 28, 2006. (Doc. 1, Complaint.) On May 11, 2006 Defendants filed a motion

1

1  to dismiss the complaint under Fed. R. Civ. P. 12(b)(6).  (Doc.
2  13, Defendants' Motion to Dismiss.)  Plaintiff failed to oppose
3  the motion.
4  　　　On August 7, 2006 Plaintiff made an appearance at the
5  hearing on the motion to dismiss and made a motion to continue
6  the hearing claiming that he could not properly oppose the
7  motion.  Over Defendants' objections the court granted the
8  motion.  As a result, the hearing on the motion was continued to
9  November 6, 2006 so that Plaintiff could file his opposition.
10 Plaintiff was ordered to file his opposition by October 9, 2006.
11 　　　On October 3, 2006 the court received a letter from
12 Plaintiff requesting an additional 30 days to file his opposition
13 citing health reasons for his inability to oppose the motion.  On
14 October 4, 2006 the court granted Plaintiff an additional 30 days
15 to file his opposition to Defendants' motion to dismiss.  (Doc.
16 28, Order.)  As a result of the extension, the hearing on the
17 motion to dismiss was again rescheduled from November 6, 2006 to
18 December 11, 2006.  (*Id.*)
19 　　　In spite of the extension, Plaintiff did not file an
20 opposition to the motion to dismiss.  The motion to dismiss was
21 granted with leave to amend on December 19, 2006.  (Doc. 32,
22 Memorandum Decision and Order.)  Plaintiff was given 20 days from
23 the date of the Order to file an amended complaint.  Plaintiff
24 did not file his amended complaint by the 20 day deadline and did
25 not petition the court for an extension of time.
26 　　　On January 18, 2007 Defendants filed this motion to dismiss
27 pursuant to Fed. R. Civ. P. 41(b).  Plaintiff has not filed an
28 opposition to the motion and has yet to file his amended

**2**

complaint.

The court learned of a motion for continuance by Plaintiff from Defendants' moving papers. According to Defendants, on January 12, 2007 Plaintiff faxed Defendants a motion for continuance to file his amended complaint. However, Plaintiff did not file this motion with the court and the motion is nowhere to be found in the record. The court was given a copy of the motion by Defendants the week before the hearing on this matter. Plaintiff has yet to formally file this motion for continuance with the court.

This motion was heard in open court on April 2, 2007. Plaintiff did not appear for the hearing on this motion.

### 3.    **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 41(b) provides that, "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b).

> District courts have inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal. Dismissal, however, is so harsh a penalty it should be imposed as a sanction only in extreme circumstances. [Courts] have repeatedly upheld the imposition of the sanction of dismissal for failure to comply with pretrial procedures mandated by local rules and court orders. However, because dismissal is such a severe remedy, [courts] have allowed its imposition in

**3**

```
     ... circumstances only after requiring the district court
  to weigh several factors:
  (1)  the public's interest in expeditious resolution of
       litigation;
  (2)  the court's need to manage its docket;
  (3)  the risk of prejudice to the defendants;
  (4)  the public policy favoring disposition of cases on
       their merits[;] and
  (5)  the availability of less drastic sanctions.
```

*Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (citations omitted).

"[W]hen a plaintiff fails to amend his complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order rather than for failing to prosecute the claim." *Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999.)

*Yourish* (and *Ferdik* [*v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992]) can be understood as limited to circumstances in which the plaintiff did not... give the court "notice of intent not to file an amended complaint," but instead simply failed to take any action. *Yourish* and *Ferdik* both arose when plaintiffs, given the opportunity to amend or be dismissed, did nothing.  In that situation, resources continue to be consumed by a case sitting idly on the court's docket.  The failure of the plaintiff eventually to respond to the court's ultimatum -- either by amending the complaint or by indicating to the court that it will not do so -- is properly met with the sanction of a Rule 41(b) dismissal....

**4**

Hence we understand the *Ferdik-Yourish* rule to require a threatened Rule 12(b)(6) dismissal to ferment into a Rule 41(b) dismissal only upon a plaintiff's inaction. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) (citations omitted).

## 4.  DISCUSSION

Under the first factor, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish,* 191 F.3d at 990.  The Plaintiff filed his complaint on February 28, 2006.  In his complaint, Plaintiff alleged a conspiracy in violation of constitutional rights that dates back to 2002.  It has now been four years since the alleged conspiracy and one year since the filing of his complaint.  Plaintiff has done nothing for ten months, despite three opportunities and extension of time.  A public interest exists in the expeditious resolution of this matter.

Under the second factor, a court should "determine what period of delay can be endured before its docket becomes unmanageable." *Hernandez v. City of El Monte*, 138 F.3d 393, 400 (9th Cir. 1998)(quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  "It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).  A plaintiff may not cause "the action to come to a complete halt" and "control the pace of the docket rather than the Court." *Yourish*, 191 F.3d at 990.  In this case, there have been several delays imposed by Plaintiff.  Plaintiff first failed to oppose Defendants motion to dismiss on Fed. R. Civ. P. 12(b)(6) grounds.  The court, not having heard from plaintiff,

**5**

scheduled a hearing on the initial motion to dismiss.  Plaintiff appeared at the motion and was given an extension of time to file his opposition.  As a result, the hearing on the motion to dismiss was rescheduled.  Shortly before the deadline for filing his opposition, Plaintiff then requested an additional 30 days to file his opposition.  The court granted him the further extension and again rescheduled a hearing on the motion.  In spite of these extensions, Plaintiff never filed an opposition to the motion to dismiss.  Plaintiff has also failed to amend his complaint, has failed to oppose the current motion to dismiss, and did not appear at the hearing of this motion.  .

Under the third factor, "[t]he law presumes injury from unreasonable delay.  However, this presumption of prejudice is a rebuttable one ...." *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1452-1453 (9th Cir. 1994).

> A weak excuse [by the plaintiff for his delay] may suffice if there has been no prejudice; an exceedingly good one might still do even when there has been some.  Thus, delay alone should not be deemed to create a presumption of prejudice, save in the sense that if the plaintiff proffers no pleading or presents no proof on the issue of (reasonableness), the defendant wins.
>
> The plaintiff, of course, has the ultimate burden of persuasion both as to the excuse for his own delay and as to lack of prejudice to the defendant.

*Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1280 (citations and internal quotations omitted).  Thus, "the burden of production shifts to the defendant to show at least

**6**

some actual prejudice," only "[w]hen a plaintiff has come forth with an excuse for his delay that is anything but frivolous." *Moneymaker*, 31 F.3d at 1453.

Plaintiff has not formally filed pleadings explaining his delay in prosecuting his case. Plaintiff has not opposed this motion, did not appear in court, and has not filed his amended complaint. The court learned of a motion for continuance that Plaintiff faxed to Defendants on January 12, 2007. In the document, Plaintiff has cited a litany of reasons for the delay including health problems, failure to secure an attorney, insufficient funds to prosecute the case, and accidents he has suffered since the filing of his complaint. Plaintiff has also failed to provide the court with any evidence corroborating these reasons, such as doctor's declaration or other tangible proof. Plaintiff did provide Defendants with an MRI bill totaling $3,494.00. However, this document, without more, fails to show that Defendants' will not be further prejudiced by Plaintiff's inaction. The events giving rise to the claims are almost five years old.

The fourth factor "usually weighs against dismissal." *Hyde v. Drath v. Baker*, 24 F.3d 1162, 1167 (9th Cir. 1994). The "policy favoring resolution on the merits 'is particularly important in civil rights cases.'" *Hernandez*, 138 F.3d at 399 (quoting *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987)). "The Supreme Court has instructed the federal courts to liberally construe the inartful pleading of pro se litigants. It is settled law that the allegations of [a pro se litigant's complaint] however inartfully pleaded are held to less stringent

**7**

standards than formal pleadings drafted by lawyers ...."
*Eldridge*, 832 F.2d at 1137 (brackets in original).

Plaintiff was given the opportunity to file an amended complaint by January 10, 2007. Plaintiff has yet to file an amended complaint or any opposition to this motion with the court. While policy favors resolution of this case on the merits, Plaintiffs inaction has prevented the case from moving forward.

Under the fifth factor:

> [a]lternative sanctions include: "a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary suspension of the culpable counsel from practice before the court,... dismissal of the suit unless new counsel is secured [,]... preclusion of claims or defenses, or the imposition of fees and costs upon plaintiff's counsel... ." *Titus v. Mercedes Benz of North America*, 695 F.2d 746, 749 n.6 (3d Cir. 1982). In addition, "providing plaintiff with a second or third chance following a procedural default is a 'lenient sanction,' which, when met with further default, may justify imposition of the ultimate sanction of dismissal with prejudice."

*Malone v. United States Postal Service*, 833 F.2d 128, 132 n.1 (9th Cir. 1987). "[W]arning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the 'consideration of alternatives' requirement." *Id.* at 132. However, if there is a willful violation of a pretrial order, a

**8**

"plaintiff can hardly be surprised by a harsh sanction in response." *Id.* at 133. "[A]t least in a case involving 'egregious circumstances,'" an explicit warning is unnecessary. *United States use of Wiltec Guam, Inc. v. Kahaluu Constr. Co.*, 857 F.2d 600, 604 (9th Cir. 1988).

Plaintiff has been given several opportunities to prosecute the case and relief from his failure to meet deadlines on three prior occasions.  The option to impose an alternative sanction is unavailable as Plaintiff is pro se.  Plaintiff has not contacted the court, provided no explanation, and has not filed a motion or request for an extension of time to amend his complaint.  The court learned of his intention to ask for more time from Defendants.  Plaintiff has repeatedly failed to prosecute this case, defendants are prejudiced by the delay.  Any alternative sanction to dismissal with prejudice is unavailable.

Defendants' motion to dismiss with prejudice is **GRANTED**.

### 5.   CONCLUSION

This motion to dismiss is **GRANTED** for failure to prosecute.

IT IS SO ORDERED.

**Dated:   April 23, 2007**               /s/ Oliver W. Wanger
                                          UNITED STATES DISTRICT JUDGE